UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN CHAMEL MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. CUELLAR, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01247-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DIAZ BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NOS. 19 & 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.　　BACKGROUND**

　　Jakan Mills ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　This case now proceeds "on Plaintiff's complaint filed September 3, 2020 (ECF 1), on Plaintiff's Eighth Amendment excessive force claim against defendants Cuellar and Diaz." (ECF No. 15, p. 1).  All other claims and defendants were dismissed.  (ECF No. 23).

　　Defendant Diaz has not been served.  On December 9, 2020, the Court received an Amended Notice of E-Service Waiver from the California Department of Corrections and Rehabilitation. (ECF No. 19).  According to the waiver, defendant R. Diaz is deceased.  Given this representation, the Court gave Plaintiff thirty days "to either: a) File a motion to open limited discovery; b) File a motion to substitute R. Diaz's successor or representative in place

of R. Diaz and provide the Court with the address for R. Diaz's successor or representative, so that the successor or representative can be served with the summons, complaint, and motion to substitute; or c) Voluntarily dismiss R. Diaz." (ECF No. 21, p. 3). This thirty-day period has expired, and Plaintiff has not responded to this order.

Accordingly, the Court will recommend that defendant Diaz be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on defendant Diaz within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d

at 1421-22.

## III.     ANALYSIS

The Court received an Amended Notice of E-Service Waiver from the California Department of Corrections and Rehabilitation indicating that defendant Diaz was not waiving personal service because he is deceased.  (ECF No. 19).  The Court then gave Plaintiff the opportunity to file a motion to open limited discovery or to provide the Court with the address for R. Diaz's successor or representative (so that the successor or representative could be served), but Plaintiff did not do either.

As Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Diaz (or his successor or representative) within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that defendant Diaz be dismissed from the action, without prejudice.

## IV.     RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendant Diaz be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Diaz (or his successor or representative) within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2021**                    /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE