UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN CHAMEL MILLS, | Case No. 1:20-cv-01247-NONE-EPG |
| Plaintiff, | <u>ORDER DENYING DEFENDANT'S MOTION TO EXCUSE DEFENDANT FROM ATTENDING SETTLEMENT CONFERENCE</u> |
| v. | |
| R. CUELLAR, | (Doc. No. 37) |
| Defendant. | |

This matter was referred to the undersigned to conduct a settlement conference. (Doc. No. 30). The court's order setting the conference requires all named parties to attend. (Doc. No. 34). Defendant moves to excuse Defendant R. Cuellar, a correctional officer, from attendance at the settlement conference. (Docs. No. 37). Defendant argues his attendance is unnecessary because the California Department of Corrections and Rehabilitation ("CDCR") will pay any settlement funds and Defendant Cuellar lacks authority to bind CDCR to a settlement. (Doc. No. 37).

The court has the authority to require an individual defendant's attendance at settlement conferences. Fed. R. Civ. P. 16(c)(1). In weighing whether to require their presence, the court should take a "practical approach" and "consider whether a representative may be effectively available as needed during a settlement conference without physical attendance." *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012), *as amended* (Oct. 16, 2012). Courts "customarily" require at settlement conferences the "personal attendance of all

parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation." *Riley v. Vizcarra*, 2020 WL 6287458, at *2 (S.D. Cal. Oct. 26, 2020); *see also Arellano v. Hodge*, 2017 WL 1711086, at *2 (S.D. Cal. May 3, 2017) (ordering that "Defendants and defense counsel shall personally attend the settlement conference" in a prisoner § 1983 case); *Love v. Barcelino Cont'l Corp.*, 2020 WL 8675993, at *1 (N.D. Cal. July 31, 2020) (mandating that "all parties attend" a Zoom settlement conference). It is "well recognized that in general, courts have broad discretion to determine whether to order litigants to appear in person." *Hiramanek v. Clark*, 2016 WL 687974, at *7 (N.D. Cal. Feb. 19, 2016) (citing *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1052 (9th Cir. 2001).

Based upon a review of the complaint and the undersigned's experience in similar cases, the undersigned finds the likelihood of resolving this matter will markedly increase if Defendant Cuellar attends the settlement conference. The ability to interact and discuss the case with both parties allows the court an opportunity to assess the strength and weaknesses of each parties' case. That assessment is crucial when working to determine a just and fair settlement. While the court recognizes attendance may be inconvenient, any burden is lessened by permitting Defendant Cuellar to attend via Zoom rather than in-person. Further, the court will limit the time that Defendant be in attendance, by not requiring him to call in until 11:00 a.m. and excusing him early. Because the court possesses the authority to order Defendant Cuellar's attendance and finding the benefit of his attendance outweighs any inconvenience, the court denies Defendant's motion.

Accordingly, it is **ORDERED**:

Defendant's Motion to Excuse Defendant from Attending Settlement Conference (Doc. No. 37) is **DENIED.** Defendant Cuellar shall call-in to the settlement conference at 11:00 a.m. PST.

IT IS SO ORDERED.

Dated: May 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE